# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| G.M. ABRASIVES, INC. d/b/a Merrick Machinery & Supply Co., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:05-CV-588 CAS ) ) |
| OWENS-BROCKWAY GLASS CONTAINER, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file its second amended complaint. Defendant Owens-Brockway Glass Container, Inc. opposes the motion. For the following reasons the Court will deny plaintiff's motion for leave to file its second amended complaint.

Plaintiff G.M. Abrasives, Inc., doing business as Merrick Machinery & Supply Co., filed this diversity action against defendant Owens-Brockway Glass Container, Inc. for breach of contract, promissory estoppel, suit on account, fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment. On June 20, 2005, the Court granted plaintiff leave to file its first amended complaint. On July 18, 2006, defendant filed a motion for partial summary judgment which has now been fully briefed by both parties. This matter is set for trial on April 9, 2007.

Plaintiff seeks leave to file its second amended complaint, which adds an additional claim for breach of the implied warranty of good faith and fair dealing. Plaintiff alleges that during discovery it has learned additional information that gives rise to this new claim. In response, defendant argues that plaintiff's motion violates the Case Management Order of September 7, 2005, which stated that all motions for leave to amend the pleadings must be filed by September 30, 2005. Defendant further states that it does not

consent to the motion because the discovery phase of this action has passed and defendant has already moved for partial summary judgment on plaintiff's first amended complaint.

Under Federal Rule 15(a), if a responsive pleading has already been served, "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Moses.com Sec., Inc. v. Comprehensive Software Sys., 406 F.3d 1052, 1066 (8th Cir. 2005) (internal citations omitted). However, in most cases, "delay alone is insufficient justification; prejudice to the nonmovant must also be shown." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). The party opposing the amendment has the burden to show such prejudice. Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977).

The Court believes that granting plaintiff's motion would be unduly prejudicial to the defendant and would result in undue delay. Plaintiff states that during discovery it learned additional information that gives rise to its new claim of breach of the implied warranty of good faith and fair dealing. However, plaintiff offers no legitimate reason for failing to include this claim in its previous complaints when the claim appears to arise from the same facts as its previously-pled claims. Additionally, plaintiff waited over a month after the completion of discovery and over a year after the deadline to amend its pleadings to seek leave to do so. If the Court were to grant plaintiff's motion for leave this far into the action, it would be necessary to reopen discovery and would require an extension of the already-expired deadline for dispositive motions and a possible change in the trial setting. Furthermore, granting plaintiff's motion would prejudice the defendant because it has already filed a motion for partial summary judgment that has been fully briefed. Therefore, plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file its second amended complaint is **DENIED**. [Doc. 34]

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of December, 2006.